UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID TUCKER,

       Plaintiff,                         Case No. 1:16-cv-165

v.                                            HON. PAUL L. MALONEY

BENZIE COUNTY SHERIFF'S
DEPARTMENT and TED SCHENDEL,

       Defendants.
_____/

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by a state employee alleging violations under 42 U.S.C. § 1983. Plaintiff Tucker was a Benzie County Sheriff's Department employee since September 1991. He served as a Sheriff's Deputy and Sergeant. He was also a member of the Command Officers Association of Michigan ("Association") Bargaining Unit, and under a collective bargaining agreement, could only be terminated for just cause. Tucker alleges procedural due process violations and a breach of contract claim[1] arising from his alleged contractual right to return to the Association's bargaining unit. (Am. Compl. 7-9, ECF No. 9, PageID.290-92.) Defendants filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) Tucker has filed a response (ECF No. 8), and Defendants have filed a reply (ECF No. 12). The Court referred the motion to Magistrate Judge Ray Kent, who issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion to dismiss.

---

[1] The defamation claim against Defendant Schendel has been dismissed without prejudice so the Magistrate Judge did not consider it. (ECF No. 11.)

(ECF No. 17, PageID.342.) Tucker filed an objection (ECF No. 21), and Defendants have responded to the objection (ECF No. 22).

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## I.

Tucker made three objections to the R&R. First, Tucker argues that exhibit A to the amended complaint, the letter of understanding signed by Plaintiff and Defendant Schendel on June 28, 2013 ("letter A"), supports the plausibility of Plaintiff's claims. Second, Tucker contends that exhibit B to the amended complaint, the letter of understanding between the Benzie County Sheriff's Department and the Association ("bumping rights letter"), demonstrates Benzie County's acceptance of the contract. Third, Tucker alleges that exhibit C, a letter of understanding between Benzie County Board of Commissioners, Sheriff of Benzie County, and the Association ("benefits letter"), shows the union's consent to Tucker and Schendel's agreement, so all of the necessary parties ratified the essential terms of the agreement. Tucker argues that the parties entered into a valid contract, entitling Tucker to due process protection and satisfying the plausibility requirement to survive Defendants' motion to dismiss.

In Michigan, the essential elements of a valid contract are (1) parties competent to contract; (2) a proper subject matter; (3) a legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation. *Detroit Trust Co. v. Struggles*, 286 N.W. 844, 846 (Mich. 1939). "Mere discussions and negotiations, or even unaccepted offers of settlement, cannot be a substitute for the formal requirements of the contract." *Kirchhoff v. Morris*, 275 N.W. 778, 780 (Mich. 1937).

Tucker alleges that, although the letters of understanding were not signed by all of the interested parties, there is clear evidence of assent to the essential terms: Plaintiff had a right to return to the Association bargaining unit if removed as Undersheriff. (ECF No. 21, PageID.352.) But the letters of understanding do not amount to a valid contract. There are five parties involved in the alleged contract: (1) Tucker, (2) Defendant Schendel, (3) Benzie County, (4) the Association, and (5) Benzie County's Command Officer's Association ("BCCOA"). Letter A contains promises between Tucker and Schendel only—there is no evidence of assent by Benzie County, the Association, or the BCCOA to this letter. Further, Tucker has not offered evidence that Defendant Schendel had the power to bind Benzie County to a contract.

In addition, letter A asserts a fact that does not exist: there was no letter of understanding between Benzie County, Schendel, and the Association regarding the terms and conditions of employment. Tucker points to the bumping rights letter as evidence but the Association never signed that agreement. Indeed, Defendant Schendel agreed in letter A to reassign Tucker to road patrol conditioned upon Tucker's seniority to return to the Association's bargaining unit. But the Association never signed the bumping rights letter to establish the condition that Tucker would retain his seniority and have bumping rights to return to the Association's bargaining unit in the first place.

Only Schendel and the chair of the BCCOA signed the bumping rights agreement.

At best, the five parties were in the process of negotiating contract terms: the letters of understanding lack mutual assent from all of the interested parties. Although Tucker argues that all of the relevant signatures on the letters of understanding are not necessary, he does not support this assertion with any authority. Rather, Tucker argues that the collective bargaining agreement already dealt with seniority and other benefits when a person temporarily leaves the bargaining unit and that only the Sheriff had the authority to return someone to that unit. (ECF No. 21, PageID.355.) But Tucker concedes that a contract must have mutual assent regardless of whether the contract is express or implied. He notes that Defendant Schendel signed all three agreements and Tucker signed letter A and the benefits letter, the latter indicating his consent as president of the BCCOA. (*Id.* at PageID.358.) Further, Tucker contends that Benzie County ratified the essential terms of the agreement during a February 2013 meeting, in the bumping rights letter, and in the collective bargaining agreement. (*Id.*)

Tucker argues that the parties ratified all essential terms, in writing and by signature, which shows the plausible existence of a contract. (*Id.*) But there is no document, or collection of documents, which shows mutual assent among all five interested parties. Nor was there mutuality of obligation. Thus, the facts of the complaint and its attached exhibits do not support a plausible claim for breach of contract.

Likewise, Tucker's procedural due process claim fails. To establish a procedural due process claim, Tucker must show that (1) he had a life, liberty, or property interest protected by the Due Process clause of the Fourteenth Amendment; (2) he was deprived of this interest; and (3) the

State did not afford him adequate procedural rights prior to depriving him of the property interest. *Wedgewood Ltd. P'ship v. Twp. of Liberty, Ohio*, 610 F.3d 340, 349 (6th Cir. 2010). State law may give rise to a protected property interest, but Tucker must show that he has a "legitimate claim of entitlement" to establish a due process violation. *Triomphe Investors v. City of Northwood*, 49 F.3d 198, 202 (6th Cir. 1995). Tucker's due process claim is predicated on his state-law contract rights under the letters of understanding. Because Tucker failed to show a valid contractual agreement for his bumping rights and continued government employment under Michigan law, he has also failed to show that he has a property interest protected by the Fourteenth Amendment.

The Court has reviewed the R&R; it accurately recites the facts and correctly applies pertinent law. Thus, the Court agrees with and adopts the Magistrate Judge's analysis. Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 21) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 17) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 4) is **GRANTED**.

A judgment will enter in accordance with this memorandum opinion and order.


Dated: June 2, 2017                                              /s/ Paul L. Maloney
                                                                                         PAUL L. MALONEY
                                                                                         UNITED STATES DISTRICT JUDGE